UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

RENE MARIE TIERNEY,                           Case No. 14-30795-dof
       Debtor.                                Chapter 7 Proceeding
                                              Hon. Daniel S. Opperman

_____/

OPINION REGARDING FIRST AND FINAL FEE APPLICATION
OF ATTORNEY FOR TRUSTEE, BEADLE SMITH, PLC

Introduction

Beadle Smith, PLC seeks compensation in the amount of $34,569.19 for attorney fees and

$274.74 for costs totaling $34,843.93. Three creditors, Dennis Tierney, Richard Tierney, and Sally

Tierney, object to this Application because the calculation of the attorney fees is based upon a one-

third contingent fee arrangement for all sums collected by way of 11 U.S.C. §§ 544, 547, 548, and

549. For the reasons stated in this Opinion, the Court overrules the objections of the creditors and

awards Beadle Smith $34,843.93.

Findings of Fact

The Debtor, Rene Marie Tierney, and Dennis Tierney were once husband and wife, but

separated and divorced by way of a Judgment of Divorce entered on November 15, 2007. Pursuant

to the Judgment of Divorce, the Debtor retained control of the marital home, but agreed to pay

Dennis Tierney $325,000.00 upon the sale of that home. As argued by Dennis Tierney in his Motion

for Relief From Stay filed on April 2, 2014:

> "The Debtor demanded that her ex-husband's share of the equity in the property to
> be capped at $325,000 during settlement negotiations. She insisted to this treatment
> so that she would solely reap the benefits if the property was sold for more. The
> Debtor is bound to the terms contained in the Divorce Judgment as a result.

1

Unfortunately due to market conditions, the property was sold for substantially less, leaving only $207,815.15. The Debtor cannot now assert an interest in property that she bargained away simply because her gamble did not pay out."

Richard and Sally Tierney, the parents of Dennis Tierney, are creditors of the Debtor by virtue of a promissory note executed by her. The Judgment of Divorce required the Debtor to pay the amount owed to them by the Debtor. The Debtor scheduled her obligations to Dennis Tierney and Richard and Sally Tierney in Schedule F as unsecured creditors in the amount of $325,000.00 and $84,000.00, respectively.

The Debtor filed her Chapter 7 petition with this Court on March 21, 2014, and the Chapter 7 Trustee, Michael Mason, sought to employ Beadle Smith, PLC as his attorney on April 1, 2014. The Application for Approval of Employment of Beadle Smith, PLC as Counsel for the Estate states in pertinent part:

> 4. Beadle Smith, PLC agrees to accept said employment on the terms and conditions contained herein with compensation as follows:
>
> Contingent fee of one-third (1/3) of all sums collected for the benefit of the estate in relation to 11 USC 544; 11 USC 547; 11 USC 548; and 11 USC 549 causes of action and at an hourly rate for all other matters as follows:
>
> | | |
> |---|---|
> | Thomas Beadle | $300.00 |
> | Kevin M. Smith | $300.00 |
>
> . . . The law firms' compensation, however, shall not exceed 40% of the net assets recovered by the firm after payment of allowed exemptions.

After Mr. Mason and Beadle Smith obtained consent of the United States Trustee, this Court signed an Order Approving Trustee's Employment of Beadle Smith. A pertinent portion of the April 7, 2014, Order states:

> IT IS FURTHER ORDERED that the Firm's employment is partially on a

2

contingency fee basis and partially on an hourly basis as set forth in the Application pursuant to 11 U.S.C. 328. All fees and costs awarded to Firm are subject to the approval of the Court.

In the meantime, Dennis Tierney filed a Motion for Relief From Stay on April 2, 2014, seeking to have the automatic stay lifted so that he could proceed in the Livingston County Circuit Court. The purpose of the Motion for Relief From Stay was to allow Dennis Tierney to obtain all of the remaining $207,815.15. The Chapter 7 Trustee objected to the Motion for Relief From Stay on April 16, 2014. Immediately prior to filing that Objection, the Chapter 7 Trustee initiated an adversary proceeding against Dennis Tierney seeking to avoid the transfer of a security interest pursuant to 11 U.S.C. §§ 544 and 547. The Chapter 7 Trustee also sought to remove the Livingston County Circuit Court action to this Court in a separate adversary proceeding. After some legal maneuvering and negotiations in the months of April - June, 2014, the Chapter 7 Trustee reached an agreement with Dennis Tierney and filed an Order Granting Motion to Approve Settlement Agreement with him.

As later disclosed to the Court in response to the Chapter 7 Trustee's counsel's Application for Fees, the parties negotiated a division of the $207,815.15 held in the Livingston County Circuit Court, all with the assumption that Dennis Tierney would receive one-half of the $207,815.15 and the Debtor's estate would receive the remainder, $103,907.57. The Chapter 7 Trustee's counsel made a rough calculation of the amounts available to unsecured creditors, including Dennis, Richard, and Sally Tierney, after deducting its one-third contingency fee, trustee fees, and estimated accounting fees, as well as the payment of $20,000.00 to the Debtor for her exemption. This e-mail exchange makes it abundantly clear that Dennis, Richard, and Sally Tierney were aware of the

3

contingency fee arrangement and based their settlement decisions on that amount, as did the Chapter 7 Trustee. [1]

Presently, the Chapter 7 Trustee holds $102,752.97 and is ready to file his final report.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Argument of the Parties

Beadle Smith argues that it is entitled to a one-third contingency fee of the amount received by the estate by virtue of the settlement of the adversary proceeding alleging Sections 544 and 547 causes of action. This amount is $34,569.19. Also attached to its Application is a statement of professional services rendered detailing not only the services for the Sections 544 and 547 causes of action, but also other services in an hourly rate format. Per this format, Beadle Smith devoted 65.60 hours at the rate of $300.00 per hour or $19,675.00 on an hourly basis.[2]

It is the contrast between the $34,569.19 and the $19,675.00 that forms the basis of the objection of Dennis, Richard, and Sally Tierney. They claim that while the Chapter 7 Trustee is entitled to attorney fees and costs, the enhancement of $14,894.19 is unwarranted in this case, especially since, as a total, they constitute 93% of the unsecured creditor class.

---

[1] As for the accounting fees, the Chapter 7 Trustee and his counsel overestimated these fees by approximately $995.60 because the accountant for the Chapter 7 Trustee has filed an application for fees in the amount of $104.40. If correct, this difference is to the benefit of the creditors.

[2] The amount is really $19,680. The Court will use the lower amount as that is the amount claimed by Trustee's counsel.

4

Statement of Law

Section 330 provides the starting point for Court consideration of fee applications, stating

that the Court may award "reasonable compensation for actual, necessary services rendered . . . ."

and may award "reimbursement for actual necessary expenses." Section 330(a)(3) provides, in

relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court
> shall consider the nature, the extent, and the value of such services, taking into
> account all relevant factors, including–
>> (A) the time spent on such services;
>> (B) the rates charged for such services;
>> (C) whether the services were necessary to the administration of, or beneficial
> at the time at which the service was rendered toward the completion to, a case under
> this title;
>> (D) whether the services where performed within a reasonable amount of
> time commensurate with the complexity, importance and nature of the problem,
> issue, or task addressed;
>> (E) with respect to a professional person, whether the person is board certified or
> otherwise has demonstrated skill and experience in the bankruptcy field; and
>> (F) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other than cases
> under this title.

Section 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or
> (ii) services that were not–
>> (I) reasonably likely to benefit the debtor's estate; or
>> (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United*

*States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991).

The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the

number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such
> as the novelty and difficulty of the issues, the special skills of counsel, the results
> obtained, and whether the fee awarded is commensurate with fees for similar

professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

The lodestar method is not always the end of the fee inquiry. The Court has the discretion to adjust the fee upward or downward according to the other considerations. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This presumption should occur, however, in rare or exceptional circumstances. *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546 (1986).

<u>Analysis</u>

At first blush, and with the advantage of hindsight, a fee award of $34,569.19 to recover $103,907.57 sitting in an account seems high for a routine case. That would be true if this was a routine case, but this case is not.

First, if the pleadings of Dennis Tierney filed in April of 2014, are correct, Dennis Tierney claimed all of the $207,815.15 as his. Initially, Dennis Tierney's legal argument appears sound as he was the beneficiary of a Judgment of Divorce, which awarded him the first $325,000.00 from the sale of the marital home. Had not the Chapter 7 Trustee and his counsel acted timely, Dennis Tierney's Motion for Relief From Stay, which was filed less than two weeks after the Debtor filed her petition and three weeks before the first meeting of creditors, would have been granted and the matter would have been left with the Livingston County Circuit Court with the high likelihood that Dennis Tierney would receive the entire $207,815.15 with no money for the bankruptcy estate. Instead, the Chapter 7 Trustee was able to convince Beadle Smith to take this matter, which appeared to be a difficult case involving state divorce law, bankruptcy law, and the avoidance of

6

liens, as well as the possible removal of state court actions, all on an expedited basis with a significant flurry of activity in the first 30 - 45 days of this case. As a result of these actions, the Chapter 7 Trustee and his counsel were able to slow the legal juggernaut heading their way and, after a short period of time, negotiate a settlement acceptable to all. As a result of these actions, the estate received $103,907.57, of which the Debtor received $20,000.00 for exemptions and the remainder available to pay administrative costs and per rata disbursements to unsecured creditors.

With this backdrop, the requested award of attorney fees is much more reasonable. But for the timely action by the Chapter 7 Trustee's counsel, fewer, if any, funds would have been received by the estate. The contingent nature of the fee agreement between the Chapter 7 Trustee and his counsel added to the incentive to counsel to act as it did.

The creditors point to the hourly rate summary supplied by the Chapter 7 Trustee's counsel as evidence that the proposed fees are too high or that the enhancement is too great. First, the Court notes that the creditors' math is correct, but rejects the argument that this is really an enhancement. Instead, the original agreement between the Chapter 7 Trustee and the attorney for the Chapter 7 Trustee was that this would be a one-third contingency fee arrangement. There is no evidence that the parties had agreed on an hourly rate and then changed their mind once they saw that the case would conclude as quickly or in the amount that it did. Instead, the Court views this case as a clear contingency fee arrangement with no need to address the enhancement issue as such.

Taken as a whole, the Court concludes that the requested fees are reasonable under 11 U.S.C. § 330. This Court has had numerous opportunities to review contingency fee arrangements in a variety of areas, ranging from condemnation actions, to personal injury claims, to class action lawsuits. The percentage fees involved here, namely one-third, falls squarely within the normal

7

range for contingency fee arrangements.

Second, this Court is convinced that in certain cases, a contingency fee arrangement is appropriate. This is one of those cases in that the Chapter 7 Trustee's counsel is asked to take a major risk in a case that there will be insufficient assets available to pay their fee. The incentive to the attorney is to take such a case and generate funds sufficient to pay his attorney fee and unsecured creditors. Moreover, as in this case, the Chapter 7 Trustee's counsel has agreed that his fees in no event would exceed 40% of the net assets recovered by the estate. This Court is well aware of a number of cases where this provision has precluded counsel for the trustee from receiving all of the fees earned on a lodestar basis. While this does not justify shifting fees from one estate to another, it does explain why trustee's counsel is reluctant to take on cases where there is a less than optimal chance of recovery of funds sufficient to cover their fees and generate some return to unsecured creditors.

Finally, the Court is struck by the knowledge of the contingency fee arrangement by the creditors and the effect that arrangement had on their anticipated distribution and settlement negotiations.

In conclusion, the Court holds that the amount requested by Beadle Smith of $34,569.19 is reasonable under these circumstances given the nature of the cause of action, the various parties and their respective positions, and the recovery by the estate of significant funds to pay to unsecured creditors, including not only Dennis, Richard, and Sally Tierney, but other creditors as well.

With this record, and in this case, the Court overrules the Objection of Dennis, Richard, and Sally Tierney and awards $34,569.19 and costs of $274.74 for a total award of $34,843.93.

Signed on September 03, 2015

                                    /s/ Daniel S. Opperman
                              Daniel S. Opperman

United States Bankruptcy Judge